IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER MAE GOFF, )
 )
       Plaintiff, )
 )
  -vs- ) Civil Action No. 15-1078
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

### **I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since September 29, 2012. (ECF No. 5-6, p. 5). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on May 29, 2014. (ECF No. 5-2, pp. 32-64). On August 5, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 15-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")[1]

Plaintiff first asserts that the ALJ erred in determining her RFC. (ECF No. 12, pp. 10-17). Specifically, Plaintiff submits that the ALJ erred in arriving at her RFC because "[t]he record did not contain any medical opinions regarding Plaintiff's physical or mental RFC." *Id.* at p. 10. Plaintiff continues: "The State agency review psychologist Sharon Becker Tarter, Ph.D., who reviewed the record[,] stated that there was insufficient evidence to render such an assessment," and no consultative examination was ordered. *Id.* Thus, Plaintiff concludes, "[the] ALJ did not cite any medical opinion in support of his RFC determination because there were no such opinions. Instead, the ALJ engaged in his own review of the raw medical evidence or record, and

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

found that said evidence supported the mental RFC he ultimately determined." *Id.* Therefore, Plaintiff argues, remand is necessary. After a careful review of the record, I agree with Plaintiff.

As the ALJ acknowledged, "there are no opinions to evaluate during the relevant period." (ECF No. 5-2, p. 25). He recognized that Dr. Tarter did not complete the review because the medical evidence was insufficient "due to the claimant's failure to cooperate." *Id.* Dr. Tarter's report technically states that "Claimant has failed to complete and return the questionnaires that were sent to her for completion." (ECF No. 5-3, p. 23). As a result, Dr. Tarter could not evaluate the claim. *Id.*

At the hearing, Plaintiff's counsel requested IQ testing and "to consider also sending my client for a full psychological CE…." (ECF No. 5-2, p. 62). The ALJ indicated that he would "take it under advisement." *Id.* at p. 63. The ALJ did not order any further testing or a consultative examination. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). After a review of the record, I am unable to discern what evidence the ALJ relied upon in limiting Plaintiff to light work with numerous exceptions.[2] There is ambiguity in the record. As a result, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.

On remand, the ALJ is instructed to order a consultative examination of Plaintiff with regard to her physical and mental functional capacity to work.[3] *See,* 20 C.F.R. § 416.919(a).

---

[2]The ALJ found Plaintiff had the RFC to perform light work "except requiring the performance of only routine, repetitive tasks with only occasional judgment, decision-making, and workplace changes; and only occasional interaction with the public, coworkers, and supervisors. She cannot work in areas of concentrated odors, gases, temperature extremes, or other similar environmental irritants; she cannot work in excessively noisy environments, defined as environments in which normal conversational speech cannot be heard." (ECF No. 5-2, p. 20).

[3] I note that if Plaintiff fails to appear for the consultative examinations scheduled by the ALJ, a decision

While such medical opinion evidence may not change the ALJ's RFC or may even change it in a way that is not beneficial to Plaintiff, I believe that such evidence is necessary in this case.

Since I have found that remand is warranted regarding the opinion evidence, the ALJ will be required to fully reassess Plaintiff's physical and mental limitations/impairments on remand. As a result, Plaintiff's second and third main arguments (that the ALJ failed to properly assess Plaintiff's mental impairments and that the ALJ improperly assessed Plaintiff's fibromyalgia) are moot and I need not consider them at this time.

An appropriate order shall follow.

---

may be rendered at that time based on that information.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER MAE GOFF, )
 )
       Plaintiff, )
 )
 -vs- ) Civil Action No.  15-1078
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is granted and Defendant's Motion for Summary Judgment (Docket No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                 BY THE COURT:

                 s/   Donetta W. Ambrose
                 Donetta W. Ambrose
                 United States Senior District Judge